1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

Henan Yiqi Technology Co., Ltd. and
Luoyang Muzhou Department Store Sales
Co., Ltd.

                *Plaintiff*,

      v.

Dbest Products, Inc.

             *Defendant*.

**Case No.   2:25-cv-370**

**Complaint For Declaratory Judgment**

**Jury Trial Demand**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Henan Yiqi Technology Co., Ltd. ("Yiqi") and Luoyang Muzhou Department Store Sales Co., Ltd. ("Muzhou") (collectively, "Plaintiffs"), against Defendant dbest products, Inc. ("Defendant" or "dbest"), seeking a declaration that Plaintiffs' Storage Bins (the "Accused Product" or "Storage Bin") do not directly or indirectly infringe United States Patent No. 12,103,576 (the "'576 Patent"), either literally or under the doctrine of equivalents, and/or that the '576 Patent is invalid. Plaintiffs further assert claims for tortious interference with contractual relations, and unfair competition in violation of the Washington's Consumer Protection Act, RCW 19.86.020 *et seq*. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## INTRODUCTION

1.     Plaintiffs received notices from Amazon.com, stating that Plaintiffs' Storage Bin was removed from Amazon's online marketplace because of the alleged infringement of the '576 Patent. Amazon also notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Accused Product has been removed from Amazon and Plaintiffs will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Accused Product does not meet each and every limitation of any claim under the '576 Patent. Furthermore, the '576 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## NATURE OF THE ACTION

2.     This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiff as the Accused Product have been removed from Amazon through the enforcement of the '576 Patent.

3.     This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '576 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

4.     This action further seeks damages for Defendants' tortious activities.

## PARTIES

5.     Plaintiff Henan Yiqi Technology Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of

business located at: No. 6655, Floor 2, Cross-Border E-Commerce Logistics Industrial Park of Kaiyue Postal Services at the crossroad of 8th Avenue and Jingnan Er Road, Zhengzhou section of Henan Free Trade Zone, China. Plaintiff Yiqi does business in this District through on-line marketplace, Amazon, using the name, EHAMILY.

6.      Plaintiff Luoyang Muzhou Department Store Sales Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at: No. 20, Row 7, West Podi Community, Zhongyuan Road, Jili Township, Jili District, Luoyang City, Henan, China. Plaintiff Muzhou does business in this District through on-line marketplace, Amazon, using the name, BUMODEL.

7.      Upon information and belief, Defendant dbest products, Inc. is a corporation organized and existing under the laws of the State of California and maintains a place of business at 16506 S AVALON BLVD CARSON, CA 90746. Defendant is registered as the applicant and assignee of the '576 Patent.

8.      Upon information and belief, Defendant's competing products have been offered for sale on Amazon. For instance, Defendant's storage bins, branded as "dbest products," were on sale on Amazon. *See* **Exhibit H**.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq. Plaintiffs further pleads this Court has pendent jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Accused Product

have been removed from Amazon through the enforcement of the '576 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

11.     This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '576 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '576 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

12.     For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCTS

13.     On or about December 7, 2024, a notice from Amazon stating that the following ASINs, among others, were removed due to a patent infringement complaint for the '576 Patent filed by the Defendant: B0C6Q4LWVZ, B0C6Q2JH9V, B0C6Q5CYG6. The notice from Amazon is attached hereto as **Exhibit A**.

14.     Upon information and belief, Amazon ASINs B0BZYP5LQT, B0BZYQ4RLD, B0BZYR1XY8, B0BZYRCDZM, B0D5HTD656, B0BZYQCHW6, B0BZYPHLH3, and B0CPHN9Z7L were also removed as a result of Defendant's patent infringement complaint to Amazon concerning the '576 Patent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15.    In the notice, Amazon informed Plaintiffs that the rights owner email of the '576 Patent being kpereira@dbestproducts.net. The alleged infringement type is Utility Patent and the IP asserted is 12,103,576. *See* **Exhibit A**.

16.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Accused Products, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Storage Bin from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaint has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 11,478,576

17.    The face of the '576 Patent lists Defendant as the applicant and assignee of patent. *See* **Exhibit B**.

18.    The '576 Patent is entitled "STACKABLE COLLAPSIBLE CARTS" and generally discloses "a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use, the collapsible cart including a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall may be configured to fold inwardly in the closed condition. **Exhibit B**, at Abstract.

19.    The '576 Patent was issued on October 1, 2024. The '576 Patent has three independent claims and 15 dependent claims. *See* **Exhibit B.**

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '576 PATENT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

21.    An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '576 Patent by the Accused Product, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '576 Patent.

22.    Plaintiffs' Storage Bin does not infringe any of the presumably valid claims of the '576 Patent, as the Storage Bin fails to meet one or more elements of independent claims 1, 11, and 15 of the '576 Patent.

23.    Claim 1 of the '576 Patent recites:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition; the right sidewall comprising a first right panel rotatably coupled to a second right panel; the second right panel proportioned to fit within an opening in the first right panel;

a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and

**a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel**, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

24.    Claim 11 of the '576 Patent recites:

A cart comprising:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a rigid frame forming a compartment in an open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and

**a first lock assembly integrated with the first right panel and the second right panel**, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

25.     Claim 15 of the '576 Patent recites:

A stackable collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the stackable collapsible cart comprising:

a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel;

**a first lock assembly integrated with the first right panel and the second right panel**, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel;

a wheel assembly coupled to the bottom wall of the cart, the first wheel assembly having a first vertical axis; and

a rigid top cover conforming in shape to a top opening of the compartment, the rigid top cover securely fits in a first position over the top opening to serve as a cover on top of the collapsible cart, the rigid top cover securely fits in a second position when the right sidewall and left sidewall fold inwardly in a closed condition, wherein the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

26.     Plaintiffs' Storage Bin does not directly or indirectly infringe the '576 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' Storage Bin lacks, and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

does not require, the sliding locking mechanism recited in claims 1, 11, and 15, as illustrated in Chart 1 below:

**Chart 1**



27.     For example, Plaintiffs' Storage Bin lacks, and does not require, the sliding locking mechanism recited in claim 1 (achieved through the interaction between the track and the slideable member). Instead, the closing of the side door(s) of Plaintiff's Storage Bin is entirely based on magnetic attraction. Specifically, each side door (panel) of Plaintiffs' Storage Bin is equipped with a magnetic object (ferromagnetic metal or another magnet), while the corresponding side bin frame is equipped with a matching magnet. The magnetic object and the magnet pair together to achieve attraction, thereby securing the side doors of Plaintiffs' Storage Bin. Once a user applies external force to pull any side door outward, the magnetic attraction is broken, and the side door is opened.

28.     Therefore, at least regarding the locking mechanism, the difference between Plaintiffs' Storage Bin and claim 1 is substantial, as their locking mechanisms (ways) are completely different. Consequently, under both the literal interpretation and the doctrine of equivalents, Plaintiffs' Storage Bin does not infringe the presumably valid claim 1 of the '576 Patent.

29.     Likewise, since the presumably valid independent Claim 1 of the '576 Patent is not infringed, neither are the remaining dependent claims 2-10. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

30.     For the same reasons, since Plaintiff's Storage Bin lacks, and does not require, the sliding locking mechanism recited in claims 1, 11, and 15 of the '576 Patent, Plaintiff's Storage Bin does not infringe any of the presumably valid claims of the '576 Patent, under both the literal interpretation and the doctrine of equivalents. ***See* Exhibits C and D** for detailed non-infringement contentions concerning each product.

31.     Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because its listings were removed by Amazon.

32.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '576 Patent.

33.     Plaintiffs seek a declaratory judgment that the claims of the '576 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

34.     Plaintiffs are also entitled to recover damages caused by Defendant.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### ONE OR MORE CLAIMS OF THE '576 PATENT)

35.     Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

36.     An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '576 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

37.    The claims of the '576 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, at least in view of the prior art cited herein, *see* **Exhibit E**, as well as any additional prior art that may come to light during this litigation.

38.    By way of example and not limitation, at least the Chinese Patent Publication No. CN112918890A, entitled "A storage module" to Song ("Song"), by itself or in combination with other prior art, anticipates and/or renders obvious claims 1-18 of the '576 Patent. Song was filed on February 1, 2021, and was published on June 8, 2021. A copy of Song is attached hereto as **Exhibit F**.

39.    In addition to the Song and by way of further example and not limitation, U.S. Patent Publication No. 2002/0171228 in combination with Song anticipates and/or renders obvious claims 1 through 18 of the '576 Patent. U.S. Patent Publication No. 2002/0171228 is entitled "Accessories for a collapsible rolling caddy" to Darren ("Darren"). Darren was filed on July 03, 2002, and was published on November 21, 2002. A copy of Darren is attached hereto as **Exhibit G**.

40.    All the claims of the '576 Patent are anticipated and/or rendered obvious by the prior art listed above or their combinations.

41.    Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because its listings were removed by Amazon.

42.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '576 Patent.

43.    Plaintiffs seek a declaratory judgment that the claims of the '576 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

44.    Plaintiffs are also entitled to recover damages caused by Defendant.

### COUNT III
**(Tortious Interference with Contractual Relations)**

45.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

46.    Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

47.    Plaintiffs have a valid and existing contract with Amazon in order to sell its products through Amazon.com.

48.    Plaintiffs are informed and believe, and on that basis allege, that Defendant knew of Plaintiffs' contractual relationships with the Amazon.

49.    Plaintiffs are informed and believe, and on that basis allege, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally, by ways of asserting materially false allegations of patent infringement against Plaintiffs in order to have Plaintiffs' listing removed and eliminate Plaintiffs' lawful competition.

50.    As a result of Defendant's improper acts, Plaintiffs' listings were removed from Amazon. Defendant's improper acts interfered with Plaintiffs' existing contracts with Amazon, including but not limited to the Amazon Services Business Solutions Agreement, impacting Plaintiffs' abilities to fulfill their contractual obligations with Amazon.

51.    As a result of Defendant's improper acts, Plaintiffs' contractual relationships and/or business expectancy with Amazon are compromised, and Plaintiffs have suffered interruptions of their ongoing business activities with Amazon.

52.    As a result of Defendant's improper acts, Plaintiffs have suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

53.    Defendant's efforts to have Plaintiffs' products delisted through improper means was and is in itself unlawful and fraudulent.

54.    By reason of Defendant's acts, Plaintiffs are entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT IV
### (Unfair Competition in Violation of the Washington Consumer Protection Act (RCW 19.86.020 et seq.))

55.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

56.    The Washington Consumer Protection Act (CPA) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash. 19.86.020. The elements for a private CPA claim are: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a person's business or property, and 5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

57.     Upon information and belief, Defendant offers for sale a variety of products on Amazon, including but not limited to stackable storage bins and collapsible organizers, which compete with Plaintiff's Storage Bin in the relevant market.

58.     It is in the public interest for consumers to be able to choose from a wide variety of products when shopping online such as on Amazon.

59.     Defendant engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 et seq., by committing an unfair or deceptive act that deceived the intended audience in Washington, occurred in trade or commerce, impacted the public interest in Washington, and directly caused injury to Plaintiff's business and property.

60.     As a result of Defendant's conduct, Plaintiffs are entitled to damages in an amount to be proven at trial, including reasonable attorneys' fees, costs, and treble damages under RCW 19.86.090.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     For judgment in favor of Plaintiffs against Defendant on all claims.

B.     Declaring that Plaintiffs' Storage Bin does not infringe any of the claims of the '576 Patent;

C.     Declaring that the claims of the '576 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D.     Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Storage Bin based on the '576 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E.     Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney;

F.      A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

G.      Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

H.      Awarding Plaintiffs their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, inter alia, Washington's Consumer Protection Act, due to the exceptional nature of this case, or as otherwise permitted by law;

I.      Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

J.      Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

K.      Awarding pre- and post- judgment interest; and

L.      Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICE OF CARL J. MARQUARDT
PLLC

Date: February 27, 2025

By: /s/ Carl J. Marquardt
Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com

Glacier Law LLP
Tianyu Ju, Esq. (*pro hac vice* application to
be filed)
iris.ju@glacier.law
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: (312) 448-7772

***Counsel for Plaintiffs***